# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| JAMIE JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-cv-00230-SNLJ |
| ) | |
| MISSOURI PROBATION AND ) | |
| PAROLE, ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented plaintiff Jamie Jones' applications to proceed in district court without prepaying fees or costs, which will be granted. Additionally, for the reasons stated below, this matter will be dismissed for failure to state a claim upon which relief may be granted.

### Legal Standard on Initial Review

This Court is required to review a complaint filed in forma pauperis, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.

## The Amended Complaint

Plaintiff files his complaint under 42 U.S.C. § 1983 alleging defendant Missouri Department of Corrections, Division of Probation and Parole (Division of Probation and Parole) violated his constitutional rights by not doing "a delay action until disposition of [his] new charges." ECF No. 3 at 4. The allegations arise out of his underlying criminal prosecution in Missouri state court, *State v. Jones*, 21CG-CR00871-01 (32d Jud. Cir., Cape Girardeau County) (filed Jul. 22, 2021), in which he pled guilty to the class E felony of making a terrorist threat. On September 7, 2021, the state court sentenced plaintiff to four years' incarceration at the Missouri Department of Corrections followed by five years' supervised probation. The state court suspended the execution of this sentence.

On June 25, 2024, however, the Court issued a warrant for plaintiff's arrest on a probation violation. In his complaint, plaintiff states that the Division of Probation and Parole stopped his "delayed action" and charged him with a violation. *Id.* Although unclear, it seems plaintiff is alleging that his probation was revoked because he committed a new offense while on probation, but his probation officer had told him they would dispose of the new charges before issuing the warrant on the probation violation. In any case, he seeks $500,000 in actual damages and $500,000 in punitive damages.

**Discussion**

The Court will dismiss this action for failure to state a claim upon which relief may be granted because defendant the Division of Probation and Parole is not subject to suit under 42 U.S.C. § 1983. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"). Furthermore, an agency exercising state power is also not a person subject to suit under § 1983. *See Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991). Moreover, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007).

Plaintiff's claim against the Missouri Department of Corrections, Division of Probation and Parole is a claim against a state agency. However, as noted above, a state agency is not a "person" for purposes of § 1983. Furthermore, suit against the Division of Probation and Parole is barred by the Eleventh Amendment. Therefore, plaintiff's claims must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's applications to proceed in district court without prepaying fees or costs are **GRANTED**. [ECF Nos. 4 and 8]

3

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motions to appoint counsel are **DENIED as moot.** [ECF Nos. 5 and 7]

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 7th day of March, 2025.

*/s/ Stephen N. Limbaugh, Jr.*

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE